FILED
January 28, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002379943

26

LAW OFFICES OF KENRICK YOUNG
KENRICK YOUNG (CSB #236032)
52 Seraspi Court
Sacramento, California 95834
916.929.6865 (tel)
916.471.0377 (fax)
info@kenrickyoung.com
Attorney for Chapter 11 Debtor Tony Akinsete

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 09-37940 |
| | ) |
| | ) Chapter 11 |
| TONY AKINSETE, | ) |
| | ) **DEBTOR'S FIRST AMENDED PLAN OF** |
| Debtor. | ) **REORGANIZATION, DATED 1/26/10** |
| _____ | ) |

## ARTICLE I - SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Tony Akinsete (the "Debtor") from the sale of assets and future operating income. This Plan provides for 62 classes of secured claims; 2 classes of unsecured claims; and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 11 cents on the dollar. This Plan also provides for the payment of administrative and priority claims in full on the Effective Date, unless a claimant agrees to a deferred payment plan.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II - CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Class 1.         All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02    Class RIO LANE.1    The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.03    Class RIO LANE.2    The claim of the Citibank, to the extent allowed as a secured claim under § 506 of the Code.

2.04    Class FLORIN.1       The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.05    Class FLORIN.2       The claim of the Deutsche Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.06    Class FLORIN.3       The claim of the Jaime Gonzalez, to the extent allowed as a secured claim under § 506 of the Code.

2.07    Class MORSE.1        The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.08    Class MORSE.2        The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.09    Class MAPLE.1        The claim of the Contra Costa County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.10    Class MAPLE.2        The claim of the World Savings Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.11    Class MAPLE.3        The claim of the Wells Fargo Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.12    Class 16TH.1  The claim of the Sacramento County Tax Collector, to the extent

allowed as a secured claim under § 506 of the Code.

2.13    Class 16TH.2   The claim of the Sonoma National Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.14    Class 16TH.3   The claim of the David Cummings, to the extent allowed as a secured claim under § 506 of the Code.

2.15    Class O.1       The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.16    Class O.2       The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.17    Class O.3       The claim of the Douglas Sykes, to the extent allowed as a secured claim under § 506 of the Code.

2.18    Class N.1       The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.19    Class N.2       The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.20    Class N.3       The claim of the Brook Heath, to the extent allowed as a secured claim under § 506 of the Code.

2.21    Class 6TH.1    The claim of the Contra Costa County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.22    Class 6TH.2    The claim of the Wachovia Mortgage, FSB, to the extent allowed as a secured claim under § 506 of the Code.

2.23    Class 6TH.3    The claim of the Patrick Bellamy, to the extent allowed as a secured claim under § 506 of the Code.

2.24    Class D.1       The claim of the Sacramento County Tax Collector, to the extent

allowed as a secured claim under § 506 of the Code.

2.25    Class D.2    The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.26    Class D.3    The claim of the Douglas Sykes and Gary Roller, to the extent allowed as a secured claim under § 506 of the Code.

2.27    Class V.1    The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.28    Class V.2    The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.29    Class V.3    The claim of the Douglas Sykes and Gary Roller, to the extent allowed as a secured claim under § 506 of the Code.

2.30    Class RIVERSIDE.1    The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.31    Class RIVERSIDE.2    The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.32    Class DEL RIO.1    The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.33    Class DEL RIO.2    The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.34    Class DEL RIO.3    The claim of the Bin & Rabake Tseng, to the extent allowed as a secured claim under § 506 of the Code.

2.35    Class MICHIGAN.1    The claim of the Yolo County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.36    Class MICHIGAN.2    The claim of the Chase Bank, to the extent allowed as a

secured claim under § 506 of the Code.

2.37    Class 5971 LAKE CREST.1  The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.38    Class 5971 LAKE CREST.2  The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.39    Class 5971 LAKE CREST.3  The claim of the Patrick Bellamy, to the extent allowed as a secured claim under § 506 of the Code.

2.40    Class 5971 LAKE CREST.4  The claim of the D.H. Construction, to the extent allowed as a secured claim under § 506 of the Code.

2.41    Class 5981 LAKE CREST.1  The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.42    Class 5981 LAKE CREST.2  The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.43    Class GLORIA.1       The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.44    Class GLORIA.2       The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.45    Class GLORIA.3       The claim of the B-Line Construction, to the extent allowed as a secured claim under § 506 of the Code.

2.46    Class HAVENSIDE.1 The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.47    Class HAVENSIDE.2 The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.48    Class HAVENSIDE.3 The claim of the Douglas Sykes, to the extent allowed as a

secured claim under § 506 of the Code.

2.49    Class HAVENSIDE.4The claim of the Douglas Sykes and Gary Roller, to the extent allowed as a secured claim under § 506 of the Code.

2.50    Class GREENBACK.1    The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.51    Class GREENBACK.2    The claim of the Union Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.52    Class GREENBACK.3    The claim of the Ramirez Salvador, to the extent allowed as a secured claim under § 506 of the Code.

2.53    Class 14TH.1  The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.54    Class 14TH.2  The claim of the Chase Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.55    Class 14TH.3  The claim of the Brook Heath, to the extent allowed as a secured claim under § 506 of the Code.

2.56    Class STILL BREEZE.1    The claim of the Sacramento County Tax Collector, to the extent allowed as a secured claim under § 506 of the Code.

2.57    Class STILL BREEZE.2    The claim of the Wells Fargo Bank, to the extent allowed as a secured claim under § 506 of the Code.

2.58    Class 2006 MB S430  The claim of the DCFS USA LLC, to the extent allowed as a secured claim under § 506 of the Code.

2.59    Class 2007 FORD    The claim of the Ford Motor Credit, to the extent allowed as a secured claim under § 506 of the Code.

2.60    Class 2007 Harley    The claim of the Harley Davidson Financial, to the extent

allowed as a secured claim under § 506 of the Code.

2.61     Class 2007 MB SLK55     The claim of the Bank of America, to the extent allowed as a secured claim under § 506 of the Code.

2.62     Class 2008 Chevy     The claim of the Wachovia, to the extent allowed as a secured claim under § 506 of the Code.

2.63     Class 2009 Camry     The claim of the Toyota Motor Credit, to the extent allowed as a secured claim under § 506 of the Code.

2.64     Class 3.     All other unsecured claims allowed under § 502 of the Code.

2.65     Class 4.     The interests of the individual Debtor in property of the estate.

### ARTICLE III - TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01     <u>Unclassified Claims.</u>  Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02     <u>Administrative Expense Claims.</u>  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

| Name | Amount Owed | Treatment |
|---|---|---|
| Law Offices of Kenrick Young | $100,000 (estimated) | Paid $20,000 from Estate Funds upon the later of (a) Effective Date or (b) 15 days after entry of Order allowing a fee application.  The amount paid shall only be the amount allowed by fee application.  The balance of awarded compensation and costs shall be paid over 60 month duration of plan at 4% interest. The balance must be paid in full before any distributions are made to general, unsecured creditors under the Plan. |
| Goodell, Porter, Sanchez & Bright, LLP | $10,000 (estimated) | Paid in full from Estate Funds upon the later of (a) Effective Date or (b) 15 days after entry of Order allowing a fee application.  The amount paid shall only be the amount allowed by fee application. |
| Clerk's Office Fees | $0.00 (estimated) | Paid in full from Estate Funds on the Effective Date. |
| Office of the U.S. Trustee Fees | $0.00 (estimated) | Paid in full from Estate Funds on the Effective Date. |
| **Total** | **$110,000 (estimated)** | |

**3.03** <u>Court Approval of Fees Required.</u>   The Court must rule on all professional fees listed in this chart before fees will be owed, except for fees owing to the Clerk's Office or U.S. Trustee or fees to be paid from non-Debtor sources.  Only the amount of fees allowed by the Court will be owed and paid under the Plan.

**3.04** <u>Priority Tax Claims.</u>  Each holder of a priority tax claim will be paid in full on the Effective Date of this Plan.

**3.05** <u>United States Trustee Fees.</u>  All fees required to be paid by 28 U.S.C. §1930(a)(6) ("U.S. Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the Effective Date.

## <u>ARTICLE IV - TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN</u>

**4.01**   Claims and interests shall be treated as follows under this Plan:

| Class | Insider (y/n) | Impaired (y/n) | Treatment |
|-------|---------------|----------------|-----------|
| 1 | N | N (Creditor not entitled to vote) | **Estimated Priority Claim Amount $651.84** This class includes the IRS, unsecured property taxes, and tenants with unpaid but due security deposits.  Class 1 is unimpaired by this Plan, and each holder of an allowed Class 1 Priority Claim will be paid in full, in cash, upon the later of the Effective Date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order.  The IRS has filed a Priority Claim 16 for $33,642.  The Debtor disputes this debt and will be filing his 2008 taxes to eliminate this debt.  The Sacramento County Tax Collector is seeking $151.84 in priority taxes in Claim 26.  The Debtor is unaware of any other claims that would be treated under 11 U.S.C. § 507(a)(3), (a)(4), (a)(5), (a)(6), and (a)(7).  However, if such other, non-insider, priority claims are timely filed and allowed then such claims will be paid in full on the Effective Date of the Plan. This class will be paid 100% of allowed claims. |
| RIO LANE.1 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $7,411.16** Collateral Value/Description = $2.7 million/ 1040 Rio Lane, Sacramento, CA  95822 Claim priority = 1st priority The claim of the Sacramento County Tax Collector set forth in Claim 26 is $59,963.46.  This claim is disputed.  The claim includes $52,552.30 in post-petition taxes (Bill 09-158665).  The post-petition taxes are current. An allowed claim will be paid by amortizing the claim over 60 months at 5% interest.  The estimated monthly payment is $139.85. |
| RIO LANE.2 | N | Y (Creditor | **Estimated Secured Claim Amount $2,516,360.55** Collateral Value/Description = $2.7 million/ 1040 Rio Lane, |

| | | | |
|---|---|---|---|
| | | entitled to vote) | Sacramento, CA 95822<br>Claim priority = 2nd priority<br>The claim of Citibank is estimated to be $2,516,360.55. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Citibank's arrearage claim will be paid over 60 months at 5.5% interest (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract payment. The estimated monthly payment is $14,287.62. |
| FLORIN.1 | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $140.75**<br>Collateral Value/Description = $2.85 million/ 1300 Florin Rd., Sacramento, CA 95831<br>Claim priority = 1st priority<br>The claim of the Sacramento County Tax Collector set forth in Claim 26 is $65,133.31. This claim is disputed. The claim includes $64,992.56 in post-petition taxes (Bill 09-113379). The post-petition taxes are current. An allowed claim will be paid in full on the Effective Date from the rents from the subject property. |
| FLORIN.2 | N | Y<br>(Creditor entitled to vote) | **Estimated Secured Claim Amount $2,385,443.56**<br>Collateral Value/Description = $2.85 million/ 1300 Florin Rd., Sacramento, CA 95831<br>Claim priority = 2nd priority<br>The claim of Deutsche Bank is $2,385,443.56 (Claim 35) and includes $217,122.35 in default interest. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Deutsche Bank's arrearage claim will be paid over 60 months at 5.375% interest (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract payment. Any payment to Deutsche Bank shall be a direct credit against a payment due to the Gonzalezes (FLORIN.3). The estimated monthly payment is $13,357.80. |
| FLORIN.3 | N | Y<br>(Creditor entitled to vote) | **Estimated Secured Claim Amount $327,708.22**<br>Collateral Value/Description = $2.85 million/ 1300 Florin Rd., Sacramento, CA 95831<br>Claim priority = 3rd priority<br>The claim of Jaime Gonzalez is $2,713,151.78 (Claim 49). The claim is an All-inclusive Note that "wraps around" Deutsche Bank's claim. The Gonzalezes have agreed that Deutsche Bank is in higher priority and that payments to Deutche Bank shall be credited to the Debtor's obligations to the Gonzalezes. The Debtor disputes Claim 49 and is filing an adversary proeeding against it. An allowed secured claim will be paid by amortizing the claim over 360 months at 6.0% interest. However, on or before the 5th anniversary of the Effective Date, the Debtor will refinance this debt. The estimated monthly payment is $2,784.41. |
| MORSE.1 | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0**<br>Collateral Value/Description = $3.5 million/ 1580 Morse Ave, Sacramento, CA<br>Claim priority = 1st priority<br>The claim of the Sacramento County Tax Collector set forth in Claim 26 is $107,035.18. This claim is disputed. The claim |

| | | | |
|---|---|---|---|
| | | | includes $77,804.04 in post-petition taxes (Bill 09-214472). The post-petition taxes are current. This secured claim shall be satisfied by the surrender of the collateral. |
| MORSE.2 | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0**<br>Collateral Value/Description = $3.5 million/ 1580 Morse Ave, Sacramento, CA<br>Claim priority = 2nd priority<br>    The claim of Chase Bank is estimated to be $4,000,000. Chase Bank has agreed to waive any deficiencies in return for an abandonment of this property. The secured claim shall be satisfied by the surrender of the collateral. |
| MAPLE.1 | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.00**<br>Collateral Value/Description = $385,000 / 187 Maple Ct., Hercules, CA 94547<br>Claim priority = 1st priority<br>    The claim of the Contra Costa County Tax Collector is estimated to be $0.00. To the extent that a timely proof of claim is filed then such allowed claim will be paid in full on the Effective Date from the rents from the subject property. |
| MAPLE.2 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $287,000**<br>Collateral Value/Description = $385,000 / 187 Maple Ct., Hercules, CA 94547<br>Claim priority = 2nd priority<br>    The claim of World Savings & Loan is estimated at $287,000. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. World Saving's arrearage claim will be paid over 60 months at the nondefault, contractual rate. The remaining claim shall be cured and reinstated at the nondefault, contract payment. The estimated monthly payment is $1,540.68. |
| MAPLE.3 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $98,000**<br>Collateral Value/Description = $385,000 / 187 Maple Ct., Hercules, CA 94547<br>Claim priority = 3rd priority<br>    The claim of Wells Fargo Bank NA is estimated at $286,000 (Claim 19). This claim shall be bifurcated under 11 U.S.C. § 506 to a secured and unsecured portion. The value of the collateral as admitted by Claim 19 is $385,000. Accordingly, the portion of the collateral securing Wells Fargo's debt is only $98,000. The unsecured portion shall be in Class 4. An allowed secured claim will be paid by amortizing the secured claim over 360 months at 7.74% interest (nondefault, contract rate). However, on or before the 5th anniversary of the Effective Date, the Debtor will refinance this debt. The estimated monthly payment is $701.41. |
| 16TH.1 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $5,658.29**<br>Collateral Value/Description = $550,000 / 2114 16TH St., Sacramento, CA 95814<br>Claim priority = 1st priority<br>    The claim of the Sacramento County Tax Collector set forth in Claim 26 is $17,686.71. This claim is disputed. The claim includes $12,028.42 in post-petition taxes (Bill 09-214464). The post-petition taxes are current. An allowed claim will be paid by |

| | | | |
|---|---|---|---|
| | | | amortizing the claim over 60 months at 5% interest. The estimated monthly payment is $106.77. |
| 16TH.2 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $287,000**<br>Collateral Value/Description = $550,000 / 2114 16TH St., Sacramento, CA 95814<br>Claim priority = 2nd priority<br>    The claim of Sonoma National Bank is estimated at $416,214. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Sonoma's arrearage claim will be paid over 60 months at 5.75% (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is $1,540.68. |
| 16TH.3 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $100,000**<br>Collateral Value/Description = $550,000 / 2114 16TH St., Sacramento, CA 95814<br>Claim priority = 3rd priority<br>    The claim of David Cummings is estimated at $100,000. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. David Cummings' arrearage claim will be paid over 60 months at the nondefault, contractual rate. The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is $599.55. |
| O.1 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $11,988.68**<br>Collateral Value/Description = $1.8 million / 2314-2318 O St., Sacramento, CA 95816<br>Claim priority = 1st priority<br>    The claim of the Sacramento County Tax Collector set forth in Claim 26 is $49,733.96. This claim is disputed. The claim includes $37,735.28 in post-petition taxes (Bill 09-214464). The post-petition taxes are current. An allowed claim will be paid by amortizing the claim over 60 months at 5% interest. The estimated monthly payment is $226.25. |
| O.2 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $1,550,842**<br>Collateral Value/Description = $1.8 million / 2314-2318 O St., Sacramento, CA 95816<br>Claim priority = 2nd priority<br>    The claim of Chase Bank is estimated at $1,550,842. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Chase's arrearage claim will be paid over 60 months at 6.25% (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is $9,548.80. |
| O.3 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $190,633.23**<br>Collateral Value/Description = $1.8 million / 2314-2318 O St., Sacramento, CA 95816<br>Claim priority = 3rd priority<br>    The claim of Douglas Sykes is $425,000 (Claim 33 is |

| | | | |
|---|---|---|---|
| | | | secured by O St and Havenside). However, there is only $190,633.23 in equity to secure this debt. This claim shall be bifurcated and lien stripped to the value of the equity. An allowed claim will be paid by amortizing the claim over 360 months at 6.75% interest. However, on or before the 5th anniversary of the Effective Date, the Debtor will refinance this debt. The estimated monthly payment is $1,236.44. |
| N.1 | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.00**<br>Collateral Value/Description = $1.05 million / 2315-2317 N St., Sacramento, CA 95816<br>Claim priority = 1st priority<br>The claim of the Sacramento County Tax Collector set forth in Claim 26 is $13,913.86. This claim is disputed. The claim includes $13,913.86 in post-petition taxes (Bill 09-214461). The post-petition taxes are current. An allowed claim will be paid in full on the Effective Date from the rents from the subject property. |
| N.2 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $838,151**<br>Collateral Value/Description = $1.05 million / 2315-2317 N St., Sacramento, CA 95816<br>Claim priority = 2nd priority<br>The claim of Chase Bank is estimated at $838,151. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Chase's arrearage claim will be paid over 60 months at 6.35% (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is $5,215.27. |
| N.3 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $83,451.28**<br>Collateral Value/Description = $1.05 million / 2315-2317 N St., Sacramento, CA 95816<br>Claim priority = 3rd priority<br>The claim of Brook Heath is estimated at $166,902.55 (Claim 20 is secured by N St. and 14th St.). Claim 20 shall be split. Heath shall have a secured claim of $83,451.28 secured by N St. and paid by amortizing the claim over 360 months at 7.0% interest. However, on or before the 5th anniversary of the Effective Date, the Debtor will refinance this debt. The estimated monthly payment is $555.20. |
| 6TH.1 | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $3,349.08**<br>Collateral Value/Description = $500,000 / 28 / 30 6th St., Richmond, CA 94801<br>Claim priority = 1st priority<br>The claim of the Contra Costa County Tax Collector is estimated at $3,349.08. The secured claim shall be satisfied by the surrender of collateral. |
| 6TH.2 | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $200,027**<br>Collateral Value/Description = $500,000 / 28 / 30 6th St., Richmond, CA 94801<br>Claim priority = 2nd priority<br>The claim of Wachovia Mortgage, FSB is estimated at $200,027. The secured claim shall be satisfied by the surrender of collateral. |

| | | | |
|---|---|---|---|
| 6TH.3 | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $285,727.34**<br>Collateral Value/Description = $500,000 / 28 / 30 6th St., Richmond, CA 94801<br>Claim priority = 3rd priority<br>    The claim of Patrick Bellamy is estimated at $285,727.34. The secured claim shall be satisfied by the surrender of collateral. |
| D.1 | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0**<br>Collateral Value/Description = $1.7 million/ 2812-2814 D St., Sacramento, CA 95816<br>Claim priority = 1st priority<br>    The claim of the Sacramento County Tax Collector set forth in Claim 26 is $52,016.86. This claim is disputed. The claim includes $39,994.84 in post-petition taxes (Bill 09-214459, 09-114460). The post-petition taxes are current. This secured claim shall be satisfied by the surrender of the collateral. |
| D.2 | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0**<br>Collateral Value/Description = $1.7 million/ 2812-2814 D St., Sacramento, CA 95816<br>Claim priority = 2nd priority<br>    The claim of Chase Bank is estimated to be $1,665,900. Chase Bank has agreed to waive any deficiencies in return for an abandonment of this property. The secured claim shall be satisfied by the surrender of the collateral. |
| D.3 | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0**<br>Collateral Value/Description = $1.7 million/ 2812-2814 D St., Sacramento, CA 95816<br>Claim priority = 3rd priority<br>    The claim of Douglas Sykes and Gary Roller is estimated at $376,624.16 (Claim 18 is secured by D St., V St. and Havenside). Claim 18 shall be split. Sykes and Roller shall have secured claims to the full value of V St. and Havenside. The remaining portion of $52,689 is satisfied by the abandonment of D St. |
| V.1 | N | Y<br>(Creditor entitled to vote) | **Estimated Secured Claim Amount $5.024.53**<br>Collateral Value/Description = $1.1 million / 416 V St., Sacramento, CA 95818<br>Claim priority = 1st priority<br>    The claim of the Sacramento County Tax Collector set forth in Claim 26 is $25,968.83. This claim is disputed. The claim includes $20,944.30 in post-petition taxes (Bill 09-214465). The post-petition taxes are current. An allowed claim will be paid by amortizing the claim over 60 months at 5% interest. The estimated monthly payment is $94.83. |
| V.2 | N | Y<br>(Creditor entitled to vote) | **Estimated Secured Claim Amount $998,355**<br>Collateral Value/Description = $1.1 million / 416 V St., Sacramento, CA 95818<br>Claim priority = 2nd priority<br>    The claim of Chase Bank is estimated at $998,355. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Chase's arrearage claim will be paid over 60 months at 6.25% (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is |

| | | | |
|---|---|---|---|
| | | | $6,147.04. |
| V.3 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $96,620.25** Collateral Value/Description = $1.1 million / 416 V St., Sacramento, CA 95818 Claim priority = 3rd priority<br><br>The claim of Douglas Sykes and Gary Roller is estimated at $376,624.16 (Claim 18 is secured by D St., V St. and Havenside). However, there is only $96,620.25 in equity securing V St. portion. Claim 18 shall be split. Sykes and Roller shall have a claim of $96,620 secured by V St. (the full value of the equity) and paid by amortizing the claim over 360 months at 6.75% interest. However, on or before the 5th anniversary of the Effective Date, the Debtor will refinance this debt. The estimated monthly payment is $626.68. |
| RIVER-SIDE.1 | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0** Collateral Value/Description = $1.3 million/ 4445/ 4449/ 4453 Riverside Blvd., Sacramento, CA 95822 Claim priority = 1st priority<br><br>The claim of the Sacramento County Tax Collector set forth in Claim 26 is $37,908.12. This claim is disputed. The claim includes $28,997.74 in post-petition taxes (Bill 09-214466). The post-petition taxes are current. This secured claim shall be satisfied by the surrender of the collateral. |
| RIVER-SIDE.2 | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0** Collateral Value/Description = $1.3 million/ 4445/ 4449/ 4453 Riverside Blvd., Sacramento, CA 95822 Claim priority = 2nd priority<br><br>The claim of Chase Bank is estimated to be $1,479,434. Chase Bank has agreed to waive any deficiencies in return for an abandonment of this property. The secured claim shall be satisfied by the surrender of the collateral. |
| DEL RIO.1 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $9,783.59** Collateral Value/Description = $1.7 million / 4500 Del Rio, Sacramento, CA 95822 Claim priority = 1st priority<br><br>The claim of the Sacramento County Tax Collector set forth in Claim 26 is $43,584.87. This claim is disputed. The claim includes $33,801.28 in post-petition taxes (Bill 09-214467). The post-petition taxes are current. An allowed claim shall be paid by amortizing the claim over 60 months at 5% interest. The estimated monthly payment is $184.62. |
| DEL RIO.2 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $1,667,590** Collateral Value/Description = $1.7 million / 4500 Del Rio, Sacramento, CA 95822 Claim priority = 2nd priority<br><br>The claim of Chase Bank is estimated at $1,667,590. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Chase's arrearage claim shall be paid over 60 months at 6.40% (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is $10,430.87. |

| | | | |
|---|---|---|---|
| DEL RIO.3 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $131,000**<br>Collateral Value/Description = $1.7 million / 4500 Del Rio, Sacramento, CA 95822<br>Claim priority = 3rd priority<br>The claim of Bin and Rabake Tseng is estimated at $131,000 (Claim 18 is secured by three properties). An allowed claim shall be paid by amortizing the claim over 360 months at 8.0% interest. However, on or before the 5th anniversary of the Effective Date, the Debtor will refinance this debt. The estimated monthly payment is $961.23. |
| MICH-IGAN.1 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $19,209.24**<br>Collateral Value/Description = $3.1 million / 501 Michigan Blvd, W. Sacramento, CA<br>Claim priority = 1st priority<br>The claim of the Yolo County Tax Collector is estimated to be $19,209.24. An allowed claim shall be paid by amortizing the claim over 60 months at 5% interest. The estimated monthly payment is $362.50. |
| MICH-IGAN.2 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $3,058,678**<br>Collateral Value/Description = $3.1 million / 501 Michigan Blvd, W. Sacramento, CA<br>Claim priority = 2nd priority<br>The claim of Chase Bank is estimated at $1,667,590. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Chase's arrearage claim will be paid over 60 months at 6.40% (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is $19,132.21. |
| 5971 LAKE CREST.1 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $14,652.40**<br>Collateral Value/Description = $2.0 million / 5971 Lake Crest Way, Sacramento, CA<br>Claim priority = 1st priority<br>The claim of the Sacramento County Tax Collector set forth in Claim 26 is $47,646.30. This claim is disputed. The claim includes $32,993.90 in post-petition taxes (Bill 09-113365). The post-petition taxes are current. An allowed claim will be paid by amortizing the claim over 60 months at 5% interest. The estimated monthly payment is $276.50. |
| 5971 LAKE CREST.2 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $1,848,222**<br>Collateral Value/Description = $2.0 million / 5971 Lake Crest Way, Sacramento, CA<br>Claim priority = 2nd priority<br>The claim of Chase Bank is estimated at $1,848,222. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Chase's arrearage claim will be paid over 60 months at 6.68% (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is $11,901.66.<br>Further, Chase shall be determined to have no interest in |

| | | | |
|---|---|---|---|
| | | | insurance proceeds of $77,276.45 in favor of DH Construction for repair work performed on 5971 Lake Crest Way, Sacramento, CA. |
| 5971 LAKE CREST.3 | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.00**<br>Collateral Value/Description = $2.0 million / 5971 Lake Crest Way, Sacramento, CA<br>Claim priority = 3rd priority<br>    The claim of Patrick Bellamy is estimated at $0.00 because it was satisfied in full by the surrender of 28/30 6th Street (a property with sufficient value to fully satisfy Mr. Bellamy).<br>    Further, Bellamy shall be determined to have no interest in insurance proceeds of $77,276.45 in favor of DH Construction for repair work performed on 5971 Lake Crest Way, Sacramento, CA. |
| 5971 LAKE CREST.4 | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.00**<br>Collateral Value/Description = $2.0 million / 5971 Lake Crest Way, Sacramento, CA<br>Claim priority = 4th priority<br>    The mechanic's lien claim of DH Construction (Claim 42) is estimated at $58,409.60. Insurance has already issued a check to cover the full amount of the claim. The Debtor is coordinating to obtain the necessary signatures. However, if the Debtor is unable to resolve the issue within 1 year of the Effective Date, the DH Construction's allowed claim will be paid by amortizing the claim over 360 months at 6.0% interest. However, on or before the 5th anniversary of the Effective Date, the Debtor will refinance this debt. The estimated monthly payment is $350.20. |
| 5981 LAKE CREST.1 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $16,602.32**<br>Collateral Value/Description = $2.325 million / 5981 Lake Crest Way, Sacramento, CA<br>Claim priority = 1st priority<br>    The claim of the Sacramento County Tax Collector set forth in Claim 26 is $70,114.20. This claim is disputed. The claim includes $53,511.88 in post-petition taxes (Bill 09-214468). The post-petition taxes are current. An allowed claim will be paid by amortizing the claim over 60 months at 5% interest. The estimated monthly payment is $313.32. |
| 5981 LAKE CREST.2 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $2,144,346**<br>Collateral Value/Description = $2.325 million / 5981 Lake Crest Way, Sacramento, CA<br>Claim priority = 2nd priority<br>    The claim of Chase Bank is estimated at $2,144,346. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Chase's arrearage claim will be paid over 60 months at 6.68% (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is $13,808.56. |
| HAVEN-SIDE.1 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $14,166.37**<br>Collateral Value/Description = $2.3 million / 6330 Havenside Dr., Sacramento, CA<br>Claim priority = 1st priority<br>    The claim of the Sacramento County Tax Collector set forth in Claim 26 is $58,329.03. This claim is disputed. The claim |

| | | | |
|---|---|---|---|
| | | | includes $44,162.66 in post-petition taxes (Bill 09-214470). The post-petition taxes are current. An allowed claim will be paid by amortizing the claim over 60 months at 5% interest. The estimated monthly payment is $267.35. |
| HAVEN-SIDE.2 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $1,824,152**<br>Collateral Value/Description = $2.3 million / 6330 Havenside Dr., Sacramento, CA<br>Claim priority = 2nd priority<br>    The claim of Chase Bank is estimated at $1,824,152. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Chase's arrearage claim will be paid over 60 months at 6.35% (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is $11,350.53. |
| HAVEN-SIDE.3 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $234,366.77**<br>Collateral Value/Description = $2.3 million / 6330 Havenside Dr., Sacramento, CA<br>Claim priority = 3rd priority<br>    The claim of Douglas Sykes is $425,000 (Claim 33 is secured by O St and Havenside). Claim 33 is bifurcated and shall be a claim of $190,633.23 secured by O St. The remaining portion, est. at $234,399.77, shall be secured by Havenside and paid by amortizing the claim over 360 months at 6.75% interest. However, on or before the 5th anniversary of the Effective Date, the Debtor will refinance this debt. The estimated monthly payment is $1,520.10. |
| HAVEN-SIDE.4 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $227,314.56**<br>Collateral Value/Description = $2.3 million / 6330 Havenside Dr., Sacramento, CA<br>Claim priority = 3rd priority<br>    The claim of Douglas Sykes and Gary Roller is estimated at $376,624.16 (Claim 18 is secured by D St., V St. and Havenside). However, there is only $227,314.56 in equity securing the Havenside portion. Claim 18 shall be split. Sykes and Roller shall have a claim of $227,314.56 secured by Havenside (the equity) and paid by amortizing the claim over 360 months at 6.75% interest. However, on or before the 5th anniversary of the Effective Date, the Debtor will refinance this debt. The estimated monthly payment is $1,474.36. |
| GLORIA.1 | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $14,166.37**<br>Collateral Value/Description = $2.325 million / 6140 Gloria Dr., Sacramento, CA<br>Claim priority = 1st priority<br>    The claim of the Sacramento County Tax Collector set forth in Claim 26 is $75,206.60. This claim is disputed. The claim includes $26,057.34 in post-petition taxes (Bill 09-214470). The post-petition taxes are current. An allowed claim will be paid by amortizing the claim over 60 months at 5% interest. The estimated monthly payment is $491.73. |
| GLORIA.2 | N | Y (Creditor | **Estimated Secured Claim Amount $2,227,068**<br>Collateral Value/Description = $2.325 million / 6140 Gloria Dr., |

| | | | |
|---|---|---|---|
| | | entitled to vote) | Sacramento, CA<br>Claim priority = 2nd priority<br>　　The claim of Chase Bank is estimated at $2,227,068. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Chase's arrearage claim will be paid over 60 months at 6.30% (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is $13,784.94. |
| GLORIA.3 | N | Y<br>(Creditor entitled to vote) | **Estimated Secured Claim Amount $8,366.13**<br>Collateral Value/Description = $2.325 million / 6140 Gloria Dr., Sacramento, CA<br>Claim priority = 3rd priority<br>　　The mechanic's lien claim of B-Line Construction is estimated at $8,366.13. An allowed claim will be paid by amortizing the claim over 360 months at 6.50% interest. However, on or before the 5th anniversary of the Effective Date, the Debtor will refinance this debt or pay it off. The estimated monthly payment is $52.88. |
| GREEN-BACK.1 | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0**<br>Collateral Value/Description = $1.2 million / 6344 Greenback Lane, Sacramento, CA<br>Claim priority = 1st priority<br>　　The claim of the Sacramento County Tax Collector set forth in Claim 26 is $30,436.66. This claim is disputed. The claim includes $30,436.66 in post-petition taxes (Bill 09-025981). The post-petition taxes are current. This secured claim shall be satisfied by the surrender of the collateral. |
| GREEN-BACK.2 | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0**<br>Collateral Value/Description = $1.2 million / 6344 Greenback Lane, Sacramento, CA<br>Claim priority = 2nd priority<br>　　The claim of Union Bank is estimated to be $0.00. Union Bank has agreed to waive any deficiencies in return for an abandonment of this property. The secured claim shall be satisfied by the surrender of the collateral. |
| GREEN-BACK.3 | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0**<br>Collateral Value/Description = $1.2 million / 6344 Greenback Lane, Sacramento, CA<br>Claim priority = 3rd priority<br>　　The claim of Ramirez Salvador is estimated at $0.00. The secured claim shall be satisfied by the surrender of the collateral. |
| 14TH.1 | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.00**<br>Collateral Value/Description = $900,000 / 711 14th St., Sacramento, CA<br>Claim priority = 1st priority<br>　　The claim of the Sacramento County Tax Collector set forth in Claim 26 is $11,334.48. This claim is disputed. The claim includes $11,334.48 in post-petition taxes (Bill 09-214458). The post-petition taxes are current. An allowed claim will be paid in full on the Effective Date from the rents from the subject property. |
| 14TH.2 | N | Y | **Estimated Secured Claim Amount $758,327** |

| | | | |
|---|---|---|---|
| | | (Creditor entitled to vote) | Collateral Value/Description = $900,000 / 711 14th St., Sacramento, CA<br>Claim priority = 2nd priority<br>     The claim of Chase Bank is estimated at $758,327. Pursuant to Ninth Circuit authority set forth in Entz-White, full payment through a Chapter 11 plan will cure and remove the effects of default – including default interest. Chase's arrearage claim will be paid over 60 months at 6.35% (the nondefault, contractual rate). The remaining claim shall be cured and reinstated at the nondefault, contract rate. The estimated monthly payment is $4,718.58. |
| 14TH.3 | N | Y<br>(Creditor entitled to vote) | **Estimated Secured Claim Amount $83,451.28**<br>Collateral Value/Description = $900,000 / 711 14th St., Sacramento, CA<br>Claim priority = 3rd priority<br>     The claim of Brook Heath is estimated at $166,902.55 (Claim 20 is secured by N St. and 14th St.). Claim 20 shall be split. Heath shall have a secured claim of $83,451.28 secured by 14th St. and paid by amortizing the claim over 360 months at 7.0% interest. However, on or before the 5th anniversary of the Effective Date, the Debtor will refinance this debt or pay it off. The estimated monthly payment is $555.20. |
| STILL BREEZE.1 | N | Y<br>(Creditor entitled to vote) | **Estimated Secured Claim Amount $11,736.93**<br>Collateral Value/Description = $589,500 / 809 Still Breeze Way, Sacramento, CA<br>Claim priority = 1st priority<br>     The claim of the Sacramento County Tax Collector set forth in Claim 26 is $11,736.93. If Wells Fargo agrees to modify the loan then an allowed claim will be paid by amortizing the claim over 60 months at 5% interest. The estimated monthly payment is $221.49. However, if unsuccessful in the loan modification, this claim will be satisfied by the surrender of collateral. |
| STILL BREEZE.2 | N | Y<br>(Creditor entitled to vote) | **Estimated Secured Claim Amount $663,769**<br>Collateral Value/Description = $589,500 / 809 Still Breeze Way, Sacramento, CA<br>Claim priority = 2nd priority<br>     The claim of Wells Fargo Bank is estimated at $663,769. The contractual monthly payment is estimated at $3980. However, the Debtor will attempt to attain a loan modification to reduce the monthly payments to $1000.00 per month. If unsuccessful, relief from stay shall be automatically lifted 90 days following the Effective Date. |
| 2006 MB S430 | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $3900.00**<br>Collateral Value/Description = $25,615 / 2006 Mercedes Benz S430<br>Claim priority = 1st priority<br>     The claim of DCFS USA LLC is estimated at $3,900 (claim 12). This vehicle will be sold on or before the Effective Date and creditor will be paid in full. |
| 2007 HARLEY | N | N<br>(Creditor not entitled to vote) | **Estimated Secured Claim Amount $4,295.52**<br>Collateral Value/Description = $19,000 / 2007 Harley Davidson Ultra Motorcycle<br>Claim priority = 1st priority |

| | | | |
|---|---|---|---|
| | | | The claim of Harley Davidson Financial is estimated at $4,295.52 (Claim 32). This vehicle will be sold on or before the Effective Date and creditor will be paid in full. |
| 2007 FORD | N | Y (Creditor entitled to vote) | **Estimated Secured Claim Amount $15,150.00**<br>Collateral Value/Description = $15,150 / 2007 Ford 350 Utility<br>Claim priority = 1st priority<br>The claim of Ford Motor Credit Company is estimated at $17,763.63. However, Ford has admitted that the value of this vehicle is only $15,150. The claim shall be bifurcated. Ford shall have a secured claim in the amount of $15,150. The remaining claim shall be unsecured, estimated at $2,613.63. An allowed secured claim will be paid by amortizing the claim over 60 months at 1.5% interest (the nondefault, contract rate). The estimated monthly payment is $262.24 |
| 2007 MB SLK55 | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0**<br>Collateral Value/Description = $35,000 / 2007 Mercedes Benz SLK55<br>Claim priority = 1st priority<br>The claim of Bank of America (Claim 3) is $42,172.62. The secured claim shall be satisfied by the surrender of the collateral. If this creditor seeks a deficiency claim, such creditor must file a claim no later than 30 days following entry of the Confirmation Order. |
| 2008 CHEVY | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0**<br>Collateral Value/Description = $25,000 / 2008 Chevy Avalanche<br>Claim priority = 1st priority<br>The claim of Wachovia is estimated at $27,200. The secured claim shall be satisfied by the surrender of the collateral. If this creditor seeks a deficiency claim, such creditor must file a claim no later than 30 days following entry of the Confirmation Order. |
| 2009 CAMRY | N | N (Creditor not entitled to vote) | **Estimated Secured Claim Amount $0.0**<br>Collateral Value/Description = $19,000 / 2009 Toyota Camry<br>Claim priority = 1st priority<br>The claim of Toyota Motor Credit is estimated at $22,220.96. The secured claim shall be satisfied by the surrender of the collateral. If this creditor seeks a deficiency claim, such creditor must file a claim no later than 30 days following entry of the Confirmation Order. |
| 3 | N | Y (Creditor entitled to vote) | **Estimated General, Unsecured Claim Amount $2.4 million**<br>General unsecured creditors (including Fannie Mae and Don Diedrich). The Debtor shall contribute $270,000 towards the repayment of unsecured claims over the 5-year plan length. The payment frequency will be:<br>Year 1 - $0.00<br>Year 2 - $0.00<br>Year 3 - $16,000<br>Year 4 - $96,000<br>Year 5 - $158,000<br>The estimated dividend is 11%. All plan payments are due on the anniversary of the Effective Date. |
| 4 | Y | N (Creditor not entitled | **Interests of the individual Debtor in property of the estate.**<br>The Debtor shall retain all residual interest in property of the estate following completion of the Chapter 11 plan. |

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has been (i) disallowed by Court order; (ii) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (iii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the Confirmation Order:  none.

6.02    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01 above, or before the date of the Confirmation Order, upon the date of the entry of the Confirmation Order.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the Confirmation Order.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    The Debtor shall sell real and personal property.  The Debtor will at a minimum list 1300 Florin Road, Sacramento, California; 28/30 6th Street, Richmond, CA; a 2006 Mercedes Benz S430; and a 2007 Harley Davidson motorcycle for sale.  Upon closing of one or more of the transactions, proceeds shall be transferred to a general business account.

7.02    Post Confirmation Operations.        The Debtor shall retain all estate property,

manage the estate, and pay ordinary and necessary expenses, including without limitation:

    a.    Debtor is authorized to employ officers, managers, agents, brokers, representatives and attorneys to carry out any activity authorized by this Plan;

    b.    Debtor is authorized to pay ordinary living expenses and current taxes without further order of the Court;

    c.    Debtor retains the right to prosecute all claims arising from any dispute involving Debtor or any property within its control;

    d.    Debtor may, but is not required to, prosecute any claims against other entities including, but not limited to, avoidance actions and turnover actions;

    e.    Debtor may, but is not required to, object to any claim pursuant to the Plan, whether in the Chapter 11 Case or otherwise and may pursue such litigation as is appropriate to resolve such disputes and objections; and

    f.    Debtor may, but is not required to, pursue any claim for monetary damages that Debtor determines is appropriate, against any person or entity.

7.03    The Debtor shall use all cash to first pay the following expenses:  insurance, taxes, maintenance, ordinary and necessary operating expenses, and any post-petition adequate assurance payments.  Estimated property budgets are annexed to Exhibit F of the Disclosure Statement.

7.04    <u>Post-petition Adequate Assurance Payments</u>.  Each of the 62 classes of secured creditors shall retain their liens.   Until a secured property is abandoned, the Debtor shall pay a post-petition adequate assurance payment in the amount of the lesser of (a) the Plan payment for such class or (b) the cash collateral collected from the secured property in excess of budgeted expenses and payments to senior secured classes.   Such payment shall be deemed adequate assurance for the collateral.

7.05    <u>Effective Date</u>.  The Effective Date shall be the first date following the entry of the Order confirming the Plan that the Debtor holds no less than $200,000 in funds in all accounts (including rental proceeds and sales proceeds).

7.06    On the Effective Date, the Debtor shall pay all administrative, priority, and secured class payments that are due and payable.

7.07     In the event that the Effective Date does not occur by October 15, 2010, the order confirming the Plan (the "Confirmation Order") shall be revoked without the need for further order of the Court.  In the event that the Effective Date does not occur by October 15, 2010 then relief from stay shall be deemed granted in favor of all secured creditors effective as of October 16, 2010 without need for further order of the Court and without prejudice to the Debtor seeking extension of the stay.

## ARTICLE VIII

## GENERAL PROVISIONS

8.01     <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02     <u>Severability</u>.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.03     <u>Binding Effect</u>.    The rights and obligations of any entity named or referred to in this Plan shall be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.04     <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.05     <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX

## DISCHARGE

9.01.     <u>Discharge</u>.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt

excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X

## OTHER PROVISIONS

10.1    <u>Revesting of Property in the Debtor.</u>  Except as provided elsewhere herein, the confirmation of the Plan revests all of the property of the estate in the Debtor.  In addition, on the Effective Date, all of the claims against and/or interest in third parties that constitute property of the estate shall be revested in the Debtor.  Following the Effective Date, the Debtor shall have absolute authority to prosecute, waive, adjust or settle any claims without the need for approval by the Court.  Following the Effective Date, the Debtor shall have the authority to employ such professionals as it deems necessary to prosecute or defend such claims asserted without the need for Court approval.

10.2    <u>Default.</u>  Except as provided elsewhere herein or in the Confirmation Order, in the event that the Debtor defaults in the performance of any of his obligations under the Plan and does not cure the default within thirty (30) days after receipt of written notice of default from the affected creditor then the affected creditor may pursue such remedies as are available at law or in equity.  An event of default occurring with respect to one claim shall not be any event of default with respect to any other claim.

10.3    <u>Modification of Plan.</u>  The Debtor may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement and/or re-voting on the Plan.

The Debtor may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

10.4    <u>Postconfirmation United States Trustee Quarterly Fees.</u>  A quarterly fee shall be paid by the Debtor to the United States Trustee, for deposit into the Treasury, for each quarter (including any fraction thereof) until the case is converted, dismissed, or closed by the entry of a final decree pursuant to 28 U.S.C. § 1930(a)(6).

10.5    Chapter 11 Postconfirmation Reports and Final Decree.

(a)    Postconfirmation Reports: At the end of each calendar quarter, the Debtor shall file with the Court a post-confirmation status report, the purpose of which is to explain the progress made toward full administration of the confirmed plan of reorganization. The first Report shall be filed for the portion of the calendar quarter from the date of confirmation to the end of the quarter. Subsequent reports shall be filed at the expiration of each calendar quarter thereafter until dismissal, conversion, or entry of a final decree closing the case. Reports shall be filed with the Court and served upon the United States Trustee not later than twenty (20) days after the expiration of the reported quarter.

The Report shall include a statement of receipts and disbursements, with the ending cash balance, for the entire 90-day period. The report shall also include information sufficiently comprehensive to enable the court to determine: (a) whether the order confirming the plan has become final; (2) whether deposits, if any, required by the plan have been distributed; (3) whether any property proposed by the plan to be transferred has been transferred; (4) whether the Debtor under the plan has assumed the business or management of the property dealt with by the plan; (5) whether payments under the plan have commenced; (6) whether accrued fees due to the United States Trustee under 28 U.S.C. § 1930(a)(6) have been paid; and (7) whether all motions, contested matters and adversary proceedings have been finally resolved.

(b)    Service of Reports: A copy of each report shall be served upon the United States Trustee and other persons or entities as have requested service of such reports in writing with the Court, no later than the day upon which it is filed with the Court.

(c)    Final Decree:  After the estate is fully administered, the Debtor shall file an application for final decree, and shall serve the application on the United States Trustee, together with a proposed final decree. The United States Trustee shall have twenty (20) days within which to object or otherwise comment upon the Court's entry of the final decree.

10.6    Post-Confirmation Conversion/ Dismissal. A creditor or party in interest may bring a motion to convert or dismiss this case under Section 1 1 12(b) after the Plan is confirmed if there is a default in performing the Plan. If the Court orders the Case converted to Chapter 7 after the

Plan is confirmed then all property that had been property of the Chapter 11 estate and not been disbursed pursuant to the Plan will revest in the Chapter 7 estate. The automatic stay shall be reimposed upon the revested property, but only to the extent that the Court did not previously authorize relief from stay during the Case.

The Confirmation Order may also be revoked under very limited circumstances. The Court may revoke the Confirmation Order only if it was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the Confirmation Order.

10.7   <u>Final Decrees.</u> Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Debtor or other party as the Court shall designate in the Confirmation Order shall file a motion with the Court to obtain a final decree to close the Case.

Date: 1/27/10

Respectfully submitted,

By: _____/s/ Tony Akinsete

Tony Akinsete

Presented by:

LAW OFFICES OF KENRICK YOUNG

By:_____/s/ Kenrick Young_____

Kenrick Young

Attorney for Tony Akinsete