FILED
May 04, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002606143

3
LAW OFFICES OF KENRICK YOUNG
KENRICK YOUNG (CSB #236032)
52 SERASPI COURT
SACRAMENTO, CALIFORNIA 95834
916.929.6865 (TEL)
916.471.0377 (FAX)
INFO@KENRICKYOUNG.COM
Attorney For Chapter 11 Debtor Tony Akinsete

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. 09-37940 |
| | ) |
| | ) Chapter 11 |
| | ) |
| | ) KY- 25 |
| | ) |
| | ) MOTION FOR ORDER UNDER |
| | ) SECTIONS 105(a) AND 554(a) |
| TONY AKINSETE | ) AUTHORIZING THE DEBTOR-IN- |
| | ) POSSESSION TO ABANDON |
| | ) CERTAIN REAL PROPERTY AND |
| | ) SEGREGATED ACCOUNTS |
| | ) |
| | ) <u>Hearing</u> |
| | ) Date: 5/18/10 |
| | ) Time: 9:32 a.m. |
| | ) United States Bankruptcy Court |
| Debtor and Debtor in Possession. | ) 501 I Street, 6th Fl, Ct 32 |
| | ) Sacramento, CA |

Tony Akinsete, the Debtor and Debtor-in-possession (the "Debtor"), hereby moves this Court for an order authorizing abandonment of real property and

segregated accounts listed on Schedule A, which is annexed to the Declaration of Tony Akinsete.

## INTRODUCTION

The Debtor commenced a voluntary Chapter 11 case under Title 11 of the United States Code (the "Bankruptcy Code") on August 24, 2009. The Debtor's case was caused by an unprecedented downturn in the Sacramento rental market. While the Debtor enjoyed some initial success in filling his apartments, the reality is that some eight (8) months later the Debtor is still struggling with 30% vacancy in some buildings. The Debtor was also diligent in trying to find a buyer. However, despite numerous talks with investors and a reasonable marketing period, a solid offer on the Debtor's properties has yet to emerge. Most offers have been merely "bottom-feeding" attempts to obtain a short sale. The Debtor realizes that most of the secured creditors have been extremely cooperative in allowing the Debtor use of cash collateral to fund operations, while attempting to raise rent rolls. However, on April 22, 2010, after discussion with counsel, the Debtor filed his motion to convert to Chapter 7 under the belief that this was in the best interests of all creditors. Upon conversion, the Debtor still has assets to be administered. These assets are personal property, one vacant lot, and a claim against the Gonzalezes that is now pending as Adversary Proceeding No. 10-02113. The case may be administratively solvent and a distribution to unsecured creditors may occur.

Upon receiving notice of the motion to convert, some creditors have contacted the Debtor and asked for assistance for an orderly return of nonequity properties. The Debtor agreed on the condition that an appraisal and a statement of the outstanding loan balances were provided to establish that the property lacked equity. That is, the secured creditor would be entitled to relief from stay under 11 U.S.C. § 362(d)(1) anyway. The Debtor would further facilitate the orderly transfer of books and records, segregated accounts that were subject to a lien, and assist with the transfer of control to a receiver, if appropriate.

Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

Section 105(a) of the Bankruptcy Code provides in pertinent part, that a Bankruptcy Court "may issue any order, process of judgment that is necessary or appropriate to carry out the provisions of this title."

The Debtors believe that each of the real properties set forth in Schedule A lack equity because of the undisputed amount of secured debt associated with each property. In addition, the Debtor must pay the expense of an accountant, manage the properties, collect rents, pay account payables, and attempt to preserve the asset without a salary. Upon conversion to Chapter 7, the Chapter 7 Trustee must take over, the Debtor must cease, but the Chapter 7 Trustee must first obtain an order authorizing operation of a business in Chapter 7. The Chapter 7 Trustee would likely have to first retain counsel first before undergoing any of these tasks. In short, unless a timely order on this motion to abandon is granted, there will be an unnecessary amount of chaos and burden on the Debtor, the estate, tenants, and secured creditors. Since all of the properties set forth in Schedule A lack equity, the pain would be without gain. Nothing would be preserved in the estate by this futile exercise. Accordingly, the Debtor believes that it is appropriate to grant the motion because the properties and accounts in Schedule A are burdensome and have inconsequential value to the estate.

WHEREFORE, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to abandon each of the real properties and segregated account listed on Schedule A attached to the Declaration of Tony Akinsete.

Date: 5/3/10

By: ___/s/ Kenrick Young_____
KENRICK YOUNG
ATTORNEY FOR DEBTOR

MOTION FOR ORDER AUTHORIZING THE DEBTOR-IN-
POSSESSION TO ABANDON REAL PROPERTY
- 3 -

LAW OFFICES OF KENRICK YOUNG
52 SERASPI COURT
SACRAMENTO, CA 95834
916.929.6865